[Cite as *Buzby v. Chamoun*, 2014-Ohio-4676.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100755**

---

## JOSEPHINE A. BUZBY

PLAINTIFF-APPELLEE

vs.

## ELIE CHAMOUN, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
REVERSED, VACATED, AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-806549

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**ATTORNEY FOR APPELLANTS**

Edgar H. Boles
Moriarty & Jaros, P.L.L.
30000 Chagrin Blvd., Suite 200
Pepper Pike, Ohio 44124


**ATTORNEY FOR APPELLEE**

L. Bryan Carr
1392 SOM Center Road
Mayfield Heights, Ohio 44124

EILEEN T. GALLAGHER, J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendants-appellants, Elie Chamoun and Bar One Downtown, L.L.C. ("appellants"), appeal from the trial court's denial of their Civ.R. 60(B) motion for relief from judgment on a cognovit judgment against them. Finding merit to the appeal, we reverse and vacate the cognovit judgment granted to plaintiff-appellee, Josephine A. Buzby ("Buzby").

{¶2} In April 2010, Buzby loaned appellants $75,000. On April 14, 2010, the parties executed a cognovit note for the same amount. The note states that all payments shall be made to Buzby, as the sole payee, at her home address in Highland Heights. From June 2010 until December 2012, Buzby concedes that appellants made monthly payments on the note, directly to her at her home address as prescribed. However, after December 2012, Buzby claims the remaining balance went unpaid. Buzby claims appellants began at that time making payments to her estranged husband.

{¶3} In May 2013, Buzby filed for a cognovit judgment against appellants for the balance owed to her. A cognovit judgment was granted in her favor for $9,400.23. In June 2013, appellants filed a Civ.R. 60(B) motion for relief from judgment, arguing that the debt had been paid in full. This motion was supported by an affidavit from Buzby's husband, who claimed to have collected the last few payments himself and that the debt was paid in full. Buzby responded to the motion, arguing any payments made by

appellants to her estranged husband did not constitute repayment of the note. The court held a pretrial on the matter. Appellants then filed a brief in support of their Civ.R. 60(B) motion for relief from judgment, raising for the first time the argument that the judgment was void because the original note and warrant of attorney were never produced.

{¶4} In November 2013, the trial court denied appellants' motion for relief from judgment. It is from this denial that appellants now appeal, raising four assignments of error.

## Standard of Review

{¶5} By signing the cognovit note, a debtor relinquishes the possibility of notice, hearing, or appearance at an action to collect in the event of nonrepayment. *Medina Supply Co., Inc. v. Corrado*, 116 Ohio App.3d 847, 851, 689 N.E.2d 600 (8th Dist.1996). The purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of a trial. *Fogg v. Friesner*, 55 Ohio App.3d 139, 140, 562 N.E.2d 937 (6th Dist.1988). To accomplish this, cognovit notes are accompanied by a warrant of attorney by which the debtor provides a waiver of the prejudgment notice and hearing requirements. *Id.*

{¶6} In the event the debtor believes justice was not served by a judgment obtained by cognovit note, relief may be pursued through a Civ.R. 60(B) motion for relief from judgment. *Masters Tuxedo Charleston, Inc. v. Krainock*, 7th Dist. Mahoning No. 02 CA 80, 2002-Ohio-5235, ¶ 7. To make a successful Civ.R. 60(B) motion, a movant typically

must establish the following (1) he has a meritorious defense to present, (2) he is entitled to relief from judgment under Civ.R. 60(B)(1) through (5), and (3) the motion is timely. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), at paragraph two of the syllabus.

{¶7} In cases involving a Civ.R. 60(B) motion for relief from judgment taken on a cognovit note, a movant "need only establish (1) a meritorious defense and (2) that the motion was timely made." *Buehler v. Mallo*, 10th Dist. Franklin No. 10AP-84, 2010-Ohio-6349, ¶ 8, quoting *Medina Supply Co. v. Corrado*. In examining whether appellants sufficiently alleged a meritorious defense, we must be mindful that a movant need not prove he will prevail on that defense. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶8} A reviewing court will not disturb a trial court's decision regarding a Civ.R. 60(B) motion unless there is an abuse of discretion. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9} Here, however, the statutory provisions at issue, R.C. 2323.12 and 2323.13, govern a trial court's jurisdiction over cognovit notes, "and these statutory requirements must be met in order for a valid judgment to be granted upon a cognovit note, or for a court to have subject-matter jurisdiction over it." *Buehler* at ¶ 9, citing *Klosterman v. Turnkey-Ohio, L.L.C.*, 182 Ohio App.3d 515, 2009-Ohio-2508, 913 N.E.2d 993, ¶ 19

(10th Dist.).   We review the issue of subject matter jurisdiction de novo.   *Klosterman* at ¶ 19, citing *Cheap Escape Co., Inc. v. Tri-State Constr., L.L.C.*, 173 Ohio App.3d 683, 2007-Ohio-6185, 880 N.E.2d 122, ¶ 18 (10th Dist.).

## Subject Matter Jurisdiction

{¶10} In their first assignment of error, appellants argue the trial court erred in entering a cognovit judgment when the original warrant of attorney to confess judgment was not produced by Buzby during the cognovit proceedings.   Appellants contend the trial court's judgment is void because, in failing to produce the original warrant of attorney, Buzby did not comply with R.C. 2323.13(A), resulting in a lack of subject matter jurisdiction.   In their second assignment of error, appellants argue the trial court erred in denying their Civ.R. 60(B) motion after they presented the court with evidence that the original warrant of attorney was not produced and that Buzby made misrepresentations about being in possession of the original note.   These two assignments of error are closely related and shall be addressed together.

{¶11} R.C. 2323.13(A) provides:

An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession. Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court established under section 1901.01 of the Revised Code, or signed the warrant of attorney authorizing

confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney.

The original or a copy of the warrant shall be filed with the clerk.

Where a cognovit note does not comply with R.C. 2323.13, the trial court lacks subject matter jurisdiction to render judgment, and a judgment entered on that cognovit note is void ab initio. *Klosterman* at ¶ 25, citing *Taranto v. Wan-Noor*, 10th Dist. Franklin No. 90AP-1, 1990 Ohio App. LEXIS 2077 (May 15, 1990), citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988).

{¶12} Appellants rely on *Lathrem v. Foreman*, 168 Ohio St. 186, 151 N.E.2d 905 (1958), in support of their contention that the trial court lacked jurisdiction. In *Lathrem*, the court ruled that:

> Section 2323.13, Revised Code, requires the production of the warrant of attorney to the court at the time of confessing judgment, and, where the original warrant has been lost and can not be produced, the court, in an ex parte proceeding, lacks the power and authority to restore or re-establish it and then enter judgment by confession thereon, and a judgment so rendered is void.

*Id*. at paragraph two of the syllabus. In *Lathrem*, the payee admitted to having lost the note and acknowledged their inability to produce the original note to the court.

{¶13} In the instant case, Buzby, through her attorney, did not produce the original warrant of attorney during the cognovit proceedings. Buzby admittedly filed and produced a facsimile copy of the warrant of attorney. Furthermore, she admitted that she

has never personally been in possession of the original note. However, Buzby argues that filing a copy of the warrant of attorney is sufficient to vest the trial court with subject matter jurisdiction. She relies on *Masters Tuxedo v. Krainock*, 7th Dist. Mahoning No. 02 CA 80, 2002-Ohio-5235, and *Fogg v. Friesner*, 55 Ohio App.3d 139, 140, 562 N.E.2d 937 (6th Dist.1988).

> In *Fogg*, the Sixth District Court of Appeals held that copies are acceptable as an accurate reproduction of the warrant of attorney. 55 Ohio App. 3d at 141. R.C. 2323.13(A) states that an attorney must produce the warrant of attorney to the court. The *Fogg* court reasoned that the statute does not state that copies are invalid. *Id*. Therefore, it is acceptable for an accurate reproduction to be submitted. *Id*.

*Masters Tuxedo* at ¶ 9.

{¶14} However, as pointed out by the Tenth District, *Fogg's* interpretation of R.C. 2323.13(A) "seems to isolate the first sentence of the statute while ignoring the last." *Huntington Natl. Bank v. 199 S. Fifth St. Co., L.L.C.*, 10th Dist. Franklin No. 10AP-1082, 2011-Ohio-3707, ¶ 17.

> [I]nterpreting R.C. 2323.13(A) to require the production of the original warrant of attorney not only comports with the statutory language but also is in accord with the general rule that we construe the statutory requirements strictly against the party seeking the cognovit judgment due to the extraordinary nature of the proceedings. *Bank One, N.A. v. DeVillers*, 10th Dist. No. 01AP-1258, 2002-Ohio-5079, ¶ 37 (stating "[w]arrants of attorney to confess judgment are to be strictly construed against the person in whose

favor the judgment is given, and court proceedings based on such warrants must conform in every essential detail with the statutory law governing the subject."), citing *Lathrem* at 188. Requiring the attorney confessing judgment to produce the original warrant of attorney provides a minimal level of assurance that the note is authentic and actually exists, while allowing the plaintiff to file a copy of the warrant with the clerk allows the plaintiff to retain control of the instrument after it is presented to the court if the plaintiff so chooses. If the plaintiff is unable to produce the original warrant of attorney, the plaintiff may proceed with a more traditional complaint premised on the note itself.

*Huntington Natl. Bank* at ¶ 20. *See also Firstmerit Bank v. Inks*, 9th Dist. Summit Nos. 25980 and 26182, 2012-Ohio-5155, ¶ 9. As did the Tenth District in *Huntington Natl. Bank*, we respectfully disagree with the Seventh District's interpretation of R.C. 2323.13(A) in *Masters Tuxedo*.

{¶15} We find that having failed to produce the original warrant of attorney, the trial court was never vested with subject matter jurisdiction to enter a cognovit judgment in Buzby's favor. Therefore, the trial court's cognovit judgment entered in favor of Buzby is void ab initio.

{¶16} Accordingly, appellants first two assignments of error are sustained. The remaining assignments are moot and shall not be addressed.

**{¶17}** Judgment is reversed and vacated. Case is remanded to the trial court with instructions to return the funds held during the pendency of this appeal to the appellants.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR