[Cite as *Blue Durham Properties, L.L.C. v. Krantz*, 2017-Ohio-8230.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### Nos. 105236 and 105394

# BLUE DURHAM PROPERTIES, L.L.C.

### PLAINTIFF-APPELLEE

vs.

# MARC K. KRANTZ, ET AL.

### DEFENDANTS-APPELLANTS

## JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-07-638134

**BEFORE:**  E.T. Gallagher, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**  October 19, 2017

**ATTORNEYS FOR APPELLANTS**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, Ohio 44114

Stephen P. Hanudel
Stephen P. Hanudel, Attorney at Law
124 Middle Avenue, Suite 900
Elyria, Ohio 44035


**ATTORNEYS FOR APPELLEE**

Scott H. Scharf
Scott H. Scharf Co., L.P.A.
One Chagrin Highlands
2000 Auburn Drive, Suite 420
Beachwood, Ohio 44122

Jeffrey M. Levinson
55 Public Square, Suite 1510
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} In these consolidated appeals, defendants-appellants, Marc Krantz and Stacey Krantz (collectively "the Krantzes"), appeal an order denying their motion for relief from judgment and an order imposing sanctions against them. Appellant, Stephen Hanudel, also appeals the order of sanctions, which were imposed against him and his clients pursuant to "R.C. 2923.51 [sic]" and Civ.R. 11. Together, the appellants in these two cases claim the following two errors:

> 1. The trial court erred by denying appellants Marc and Stacey Krantz's motion for relief from judgment.

> 2. The trial court erred and abused its discretion in finding that defendants' attorney had engaged in frivolous conduct under R.C. 2923.51 [sic] and Civ.R. 11.

{¶2} We find no merit to the appeals, and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶3} In August 2007, the Krantzes executed two cognovit notes, each in the amount of $100,000 in favor of plaintiff-appellee, Blue Durham Properties, L.L.C. ("Blue Durham"). Both cognovit notes contained a warrant of attorney confessing judgment against the Krantzes. That is, the warrants of attorney authorized the holder of the notes to execute on the judgment after default without notice to the debtor.

{¶4} The Krantzes defaulted under the terms of both notes. Consequently, Blue Durham filed a complaint and obtained judgment in the amount of $284,208, which represented the unpaid balance on the notes plus accrued, unpaid interest. The court ordered interest to be paid on the judgment at a rate of ten percent per annum. The

Krantzes paid the debt in full in March 2009, and the case was settled and dismissed.

{¶5} Five years later, in October 2012, the Krantzes through their attorney, appellant Hanudel, filed a motion for relief from judgment under Civ.R. 60(B), arguing that the trial court lacked jurisdiction to grant judgment because the cognovit notes involved consumer loans. Blue Durham opposed the motion, arguing that it was untimely and that the unambiguous terms of the cognovit notes established they were commercial loans. The trial court denied the motion for relief and the Krantzes appealed. This court found that the plain language of the cognovit notes indicated they were commercial loans and affirmed the trial court's judgment. *Blue Durham Properties, L.L.C. v. Krantz*, 8th Dist. Cuyahoga No. 99201, 2013-Ohio-2098.

{¶6} In November 2016, the Krantzes, through their attorney, appellant Stephen Hanudel, filed a second motion for relief from judgment under Civ.R. 60(B). This time, the Krantzes argued the trial court lacked subject matter jurisdiction to enter judgment on the cognovit notes because Blue Durham never produced the original warrants of attorney when it applied for judgment.

{¶7} Upon receiving the Krantzes' second motion for relief from judgment, Blue Durham's counsel sent a letter to Hanudel asking him to withdraw the motion because it lacked any basis in law or fact. Counsel advised Hanudel that the sole basis for the motion, i.e., that Blue Durham did not provide the original cognovit notes to the court, was "a fiction." Blue Durham's counsel also warned that Blue Durham would request sanctions under Civ.R. 11 and R.C. 2323.51 if Hanudel failed to withdraw the motion.

Rather than withdrawing the motion, Hanudel sent Blue Durham a letter demanding $405,019.18 in exchange for a dismissal of the motion. Consequently, Blue Durham filed a brief in opposition to the Krantzes' second motion for relief from judgment and a motion for sanctions to recover the attorney fees it incurred in defending against the motion for relief from judgment.

{¶8} The trial court summarily denied the Krantzes' second motion for relief from judgment. At a hearing on the motion for sanctions, Hanudel explained that he filed the second motion for relief from judgment because his review of the record indicated that copies of the warrants of attorney were filed with the complaint instead of the originals, in violation of Ohio law. However, Hanudel claimed that because many years elapsed since the case was settled, the hard copy of the file had been destroyed and only a digital copy was maintained. Therefore, in preparing the second motion for relief from judgment, he reviewed only a digital copy of the file that did not contain any original documents.

{¶9} On cross-examination, Blue Durham's counsel asked Hanudel if he investigated whether the judge who granted judgment on the cognovit notes failed to follow the procedural rules applicable to such ex parte proceedings, i.e., requiring the production of original warrants of attorney as required by R.C. 2323.13. Hanudel responded, "There is no evidence that she acted unlawfully." (Tr. 81.) Hanudel also admitted that he never questioned the judge who granted the judgments or any other witness with personal knowledge of the transaction to determine if the judgment was granted without original warrants of attorney.

**{¶10}** Based on the record, testimony, and arguments of counsel, the trial court granted Blue Durham's motion for sanctions and awarded judgment to Blue Durham in the amount of $6,743.76 "to be paid jointly/severally by the defendant Mark Krantz, the defendant Stacey Krantz and Stephen Hanudel." (Judgment entry Jan. 18, 2017.) The Krantzes and Hanudel now appeal the trial court's judgments.

## II. Law and Analysis

### A. Motion for Relief From Judgment

**{¶11}** In the first assignment of error, the Krantzes argue the trial court erred in denying their second motion for relief from judgment.

**{¶12}** To prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must establish (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. These requirements are independent and written in the conjunctive; therefore, all three must be clearly established in order to be entitled to relief. *See Rose Chevrolet*, *Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

**{¶13}** We review a trial court's denial of a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Id.* To constitute an abuse of discretion, the trial court's ruling must be "unreasonable, arbitrary or unconscionable." *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 13.

**{¶14}** The Krantzes argue the trial court lacked subject matter jurisdiction to enter judgment on the cognovit notes because Blue Durham filed copies of the warrants of attorney instead of originals. They cite *Buzby v. Chamoun*, 8th Dist. Cuyahoga No. 100755, 2014-Ohio-4676, ¶ 14-15, and *Lathrem v. Foreman*, 168 Ohio St. 186, 151 N.E.2d 905 (1958), to support their arguments.

**{¶15}** In *Buzby*, this court held that a trial court lacks jurisdiction to enter judgment on a cognovit note where the creditor seeking the judgment fails to produce the original warrant of attorney as required by R.C. 2323.13. In *Lathrem*, the Ohio Supreme Court held that where the original warrant of attorney has been lost or cannot be produced, the trial court lacks the power and authority to enter judgment by confession. *Id.*, at paragraph two of the syllabus.

**{¶16}** Although motions for relief from judgment must be timely filed, judgments rendered without jurisdiction are void, as a matter of law, and subject to collateral attacks at any time. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 46; *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 17. And judgments rendered without jurisdiction are not precluded by doctrines such as res judicata. *Kuchta* at ¶ 17. Therefore, it is appropriate for the court to consider challenges to the trial court's subject matter jurisdiction.

**{¶17}** The Krantzes argue the trial court lacked jurisdiction to enter judgment because Blue Durham failed to submit original warrants of attorney with the complaint. The Krantzes cite language in the complaint stating that "[a] copy" of each of the notes

was attached to the complaint. The Krantzes also note that the judgment entry drafted by Blue Durham "did not make any findings that the original warrants were presented." (Appellant's brief at 2.) In sum, the Krantzes assert that "there is nothing in the trial court record to indicate that the original warrants of attorney were ever presented."

{¶18} However, there is nothing in the record indicating that the original warrants of attorney were not submitted to the court when Blue Durham's counsel confessed judgment against the Krantzes. R.C. 2323.13, which governs attorney warrants to confess judgment, does not require the attorney confessing judgment to file original warrants of attorney with the complaint. R.C. 2323.13 simply requires that the attorney "produce the warrant of attorney * * * to the court before which he makes the confession." Indeed, *Buzby* explains this fact:

> Requiring the attorney confessing judgment to produce the original warrant of attorney provides a minimal level of assurance that the note is authentic and actually exists, while allowing the plaintiff to file a copy of the warrant with the clerk allows the plaintiff to retain control of the instrument after it is presented to the court if the plaintiff so chooses. If the plaintiff is unable to produce the original warrant of attorney, the plaintiff may proceed with a more traditional complaint premised on the note itself.

*Buzby v. Chamoun*, 8th Dist. Cuyahoga No. 100755, 2014-Ohio-4676, ¶ 14, quoting *Huntington Natl. Bank v. 199 S. Fifth St. Co., L.L.C.*, 10th Dist. Franklin No. 10AP-1082, 2011-Ohio-3707, ¶ 17.

{¶19} Although R.C. 2323.13 requires the attorney to produce the original warrant of attorney at the time he appears, in person, to confess judgment to the court, it does not require that the original warrants of attorney be filed with the court. Therefore,

even if the original warrant of attorney were not filed with the complaint, the trial court would have had subject matter jurisdiction to render judgment as long as counsel produced the originals when he confessed judgment to the court.

{¶20} The Krantzes produced no evidence establishing that the trial court unlawfully entered judgment in the absence of original warrants of attorney. Indeed, Hanudel admitted that he never investigated whether the trial court failed to follow R.C. 2323.13 by requiring production of the original warrants of attorney when it entered judgment on cognovit notes. Therefore, the Krantzes failed to demonstrate that the trial court lacked subject matter jurisdiction to enter judgment on the cognovit notes, and the trial court properly denied the motion for relief from judgment.

{¶21} The first assignment of error is overruled.

## B.  Sanctions

{¶22} In the second assignment of error, Hanudel and the Krantzes (collectively "appellants") argue the trial court abused its discretion in finding that they engaged in frivolous conduct under "R.C. 2923.51 [sic]" and Civ.R. 11. They assert they had a good faith basis for filing the second motion for relief from judgment.

{¶23} Civ.R. 11 states that "[e]very pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record * * *." An attorney's signature "constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for

delay."

{¶24} R.C. 2323.51 applies more broadly than Civ.R. 11 and permits the court to award attorney fees and costs to any party adversely affected by frivolous conduct of another party or that party's attorney, even if that conduct is not related to a pleading, motion, or other document. *In re Estate of Abraitis*, 8th Dist. Cuyahoga No. 104816, 2017-Ohio-5577, ¶ 13; R.C. 2323.51(B)(1).

{¶25} R.C. 2323.51(A)(2) defines "frivolous conduct," in relevant part, as any conduct that (1) "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law"; or (2) "consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

{¶26} We review the trial court's decision to award sanctions under both Civ.R. 11 and R.C. 2323.51 for an abuse of discretion. *In re Abraitis* at ¶ 15. A trial court abuses its discretion only if its decision is unreasonable, arbitrary, or unconscionable. *State ex rel. DiFranco*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, at ¶ 13.

{¶27} Appellants argue the trial court erred in awarding sanctions for frivolous conduct where there were legitimate grounds for filing the motion. They also contend the motion for relief from judgment had an adequate evidentiary basis.

{¶28} Hanudel testified that he filed the second motion for relief from judgment

because, after reviewing the record, he found no indication that original warrants of attorney were filed with the complaint. But whether or not the original warrants of attorney were filed is irrelevant because Blue Durham's counsel was not required to file the original cognovit notes and warrants of attorney at the time he confessed judgment. *See* R.C. 2323.13; *Buzby*, 8th Dist. Cuyahoga No. 100755, 2014-Ohio-4676 at ¶ 14.

**{¶29}** Hanudel admitted that he failed to investigate the factual basis for his motion, even after opposing counsel put him on notice that the sole basis for the motion was "a fiction." He testified that "[t]here was no evidence that [the judge] acted unlawfully." He nevertheless asserts that sanctions were inappropriate because he was not familiar with the internal procedure used by the Cuyahoga County Court of Common Pleas for processing cognovit notes. (Tr. 81.) At oral argument, Hanudel's lawyer asserted that Hanudel should not be held responsible for the common pleas court's individual policies.

**{¶30}** However, lawyers are required to familiarize themselves with the local rules and procedures of the courts in which they practice. *Brown v. Akron Beacon Journal Publishing Co.*, 81 Ohio App.3d 135, 610 N.E.2d 507 (9th Dist.1991) (out-of-state attorney's unfamiliarity with local procedural rules is inexcusable neglect.). Moreover, the Cuyahoga County Common Pleas Court's internal procedure with respect to cognovit notes is not unique; it follows R.C. 2323.13 and *Buzby*. Therefore, the slightest bit of legal research and investigation would have revealed that Blue Durham's lawyer was not required to file the original warrants of attorney with the court. *See* R.C. 2323.13.

{¶31} As previously stated, appellants cite *Buzby v. Chamoun*, 8th Dist. Cuyahoga No. 100755, 2014-Ohio-4676, to support their claim that Blue Durham's lawyer was required to file original warrants of attorney. However, appellants failed to understand the language in *Buzby* specifically stating that although the attorney confessing judgment must produce original warrants of attorney at the time he confesses judgment, the attorney generally keeps the originals and files copies with the complaint. *Id*. at ¶ 14. Had Hanudel studied R.C. 2323.13 and *Buzby* to the extent necessary to ensure a proper understanding of the law before filing the second motion for relief from judgment, he would have realized that simply because the court's digital copy of the file did not contain original warrants of attorney does not mean that counsel failed to produce the originals when he confessed judgment.

{¶32} The failure to investigate the facts and research the applicable law before making claims constitutes "frivolous conduct" if the claims are not supported by law or fact. *Carasalina L.L.C. v. Bennett*, 10th Dist. Franklin No. 14AP-74, 2014-Ohio-5665, ¶ 36 (if a party persists in relying on an allegation or factual contention in the absence of evidence to support it, then the party has engaged in frivolous conduct under R.C. 2323.51(A)(2)(a)(iii)). *See also Slye v. London Police Dept.*, 12th Dist. Madison No. CA2009-12-027, 2010-Ohio-2824, ¶ 35-43 (sanctions for frivolous conduct were appropriate where plaintiff failed to investigate and produce evidentiary support for claims); *Jefferson v. Creveling*, 9th Dist. Summit No. 24206, 2009-Ohio-1214, ¶ 20, 31 (same).

**{¶33}** The trial court's conclusion that appellants engaged in frivolous conduct was not an abuse of discretion. The Krantzes' claims lacked any factual or legal basis, and Hanudel failed to investigate the claims alleged in the second motion for relief from judgment, even after Blue Durham's counsel put him on notice that the Krantzes' claims were unfounded. By arguing that the trial court rendered judgment in the absence of original warrants of attorney, the Krantzes accused Blue Durham's lawyer and the court of fraudulently entering judgment against them. These are serious accusations. Common sense dictates that these allegations should be confirmed before they are publicly made.

**{¶34}** The Krantzes' frivolous conduct unnecessarily cost Blue Durham significant attorney fees. Monetary sanctions provide redress to the injured party and serve as a deterrent against future frivolous conduct. *See Olivito v. Cavanaugh*, 7th Dist. Jefferson Nos. 90-J-33 and 90-J-39, 1992 Ohio App. LEXIS 6633 (Dec. 30, 1992), *36. The Krantzes, through Hanudel, have twice challenged the court's subject matter jurisdiction, and neither challenge had any merit. Indeed, Blue Durham argued in the trial court that both motions for relief from judgment were frivolous. Although challenges to subject matter jurisdiction may be made at any time, the claims must be not frivolous or sanctions may be ordered.

**{¶35}** The trial court properly determined that appellants failed to investigate the facts and applicable law before they filed the second motion for relief from judgment. Therefore, the trial court was within its discretion when it awarded sanctions for frivolous

conduct.

**{¶36}** The second assignment of error is overruled.

**{¶37}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR