JOURNAL ENTRY and OPINION
{¶ 1} To end their marriage, the parties, appellant Gary Rothstein ("Rothstein") and appellee Shari Mervis ("Mervis"), entered into a Separation and Property Settlement Agreement ("settlement agreement.") Part of the settlement agreement required Rothstein to pay to Mervis the sum of $150,000, payable over a scheduled period of time, for her interest in the business owned by Rothstein. In accordance with that part of the settlement agreement, Rothstein executed a cognovit note.
 {¶ 2} Mervis filed a complaint on the cognovit note, alleging that Rothstein was in default and owed her $81,334 of the $150,000 to which the parties agreed. Rothstein, by virtue of a warrant of attorney, confessed judgment on the note in favor of Mervis in the amount of $81,334 plus interest at the rate of 10% per annum from March 1, 2004 and for costs of the action.
 {¶ 3} Approximately five months later, Rothstein filed a motion for relief from judgment, asserting that he never executed the note upon which judgment is based and, even if he had signed the note, the judgment contravenes the terms of the parties settlement agreement. The trial court denied Rothstein's motion for relief from judgment, finding that his motion relied on his "self-serving affidavit." Rothstein now appeals.
 I. {¶ 4} Rothstein argues in his first and second assignments of error that the trial court abused its discretion in denying his motion for relief from judgment. In particular, he contends that the trial court committed reversible error in finding that his affidavit was "self-serving" and that it was a clear abuse of discretion to deny his motion without first conducting an evidentiary hearing. However, Rothstein's arguments lack merit.
 {¶ 5} Civ.R. 60(B) provides in whole as follows:
 {¶ 6} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 7} Generally, in order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 150, 351 N.E.2d 113.
 {¶ 8} Where the judgment sought to be vacated is a cognovit judgment, however, the party need only establish a meritorious defense in a timely fashion. Luszcznski v. Walters, Cuyahoga App. No. 84062, 2004-Ohio-4087, ¶ 11, citing Medina Supply Co.v. Corrado (1996), 116 Ohio App.3d 847, 850, 689 N.E.2d 600. The decision whether to grant relief from judgment still lies within the discretion of the trial court. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.
 {¶ 9} By definition, cognovit notes "cut off every defense, except payment, which the maker of the note may have against enforcement of the note." Advanced Clinical Mgmt., Inc. v. SalemChiropractic Ctr., Inc., Stark App. No. 2003CA00108,2004-Ohio-120, ¶ 18. Although the defense of non-default is "not the only meritorious defense recognized by courts as being available to a cognovit judgment debtor seeking Civ. R. 60(B) relief," in general, a judgment on a cognovit note will "not be vacated for reasons which do not encompass such matters of integrity and validity." First Nat'l. Bank v. Freed, Hancock App. No. 5-03-36, 2004-Ohio-3554, ¶¶ 9 and 10. For instance, other asserted defenses found meritorious by courts include "improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount remaining due on the note at the time of confession of judgment." Id. at ¶ 9 and footnote 3. Thus, "a meritorious defense is one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note." Id. at ¶ 10.
 {¶ 10} Here, Rothstein had the burden of alleging a meritorious defense to the judgment entered on the cognovit note. He claims that he did not sign the note, but fails to provide that his signature on the note was obtained by fraud or that it was not authentic. His bald claim that he did not sign the note is suspect especially after observing his signature on the settlement agreement — to the lay person, the signatures are identical. While Rothstein attempts to allege that the note is invalid because he did not sign it, his failure to provide the court with any basis to ignore his signature on the note is fatal to a "meritorious defense" to the judgment.
 {¶ 11} Rothstein also alleged that the judgment contravenes the terms of the settlement agreement, as the parties agreed to subordinate Mervis' business interest to other financial interests. However, Rothstein never requested, per the terms of the settlement agreement, that the note be subordinated to any other security. Moreover, Rothstein's claim does not address the integrity or validity of the cognovit note and, as a result, it is not a meritorious defense to the judgment. Because Rothstein failed to establish a meritorious defense pursuant to GTE, the trial court did not abuse its discretion in denying his motion for relief from judgment. Likewise, Rothstein was not entitled to an evidentiary hearing because he failed to set forth operative facts to support his motion for relief from judgment.Architectural Interior Prods., Inc. v. Freeman Doors, LLC,
Franklin App. No. 03AP-265, 2004-Ohio-676, ¶ 7. Thus, the trial court did not abuse its discretion in denying Rothstein's motion for relief from judgment without holding an evidentiary hearing.
 II. {¶ 12} In his third and final assignment of error, Rothstein argues that the trial court lacked subject matter jurisdiction to consider Mervis' complaint on the cognovit note. In support of his argument, he contends that because the terms of the cognovit note relate to the settlement agreement which was journalized by the domestic relations court, only the domestic relations court has subject matter jurisdiction over the terms of the note. However, Rothstein's argument is without merit.
 {¶ 13} The law is well-settled in this district:
 {¶ 14} "[A]fter an action has been fully litigated in the Domestic Relations Court and a Judgment Entry has been filed granting a divorce and providing for the division of property, the exclusive jurisdiction is terminated. At that point, there existed concurrent jurisdiction with the Common Pleas Court, General Division." Zashin, Rich, Sutula, Monastra v.Offenberg (Dec. 7, 1995), Cuyahoga App. No. 68951; Price v.Price, 16 Ohio App.3d 93, 95-96, 474 N.E.2d 662.
 {¶ 15} Here, the parties entered into a separation and property settlement agreement and their marriage was terminated pursuant to a divorce decree journalized by the domestic relations court. At that point, exclusive jurisdiction in the domestic relations court ceased and concurrent jurisdiction with the common pleas court began. Because the trial court had concurrent jurisdiction, it properly exercised its subject matter jurisdiction over the complaint on the cognovit note. Thus, Rothstein's third assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Calabrese, Jr., J., concur.