JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Defendant-appellant, Bruce Kosinski ("Kosinski"), appeals the trial court's denial of his motion for relief from judgment. Finding no merit to the appeal, we affirm.
 {¶ 3} Evidentiary materials reveal the following. Kosinski was the majority shareholder and chief executive officer of NEBS Financial Services, which is the parent company of four subsidiaries: NEBS Financial Services, NEBS Agency, NEBS Adviser, and National Employee Benefits Services (collectively "NEBS"). Between 1995 and 2003, plaintiff-appellee, FirstMerit Bank, N.A. ("FirstMerit"), provided a revolving line of credit to NEBS. In January 2003, FirstMerit provided an expanded revolving line of credit to NEBS in the amount of $500,000. The line of credit was secured by a promissory note issued by NEBS. Kosinski signed a personal guaranty for the note.
 {¶ 4} The promissory note stated in pertinent part:
"Payment. Borrower will pay this loan immediately uponLender's demand. Payment in full is due immediately upon Lender'sdemand. Borrower will pay regular monthly payments of all accruedunpaid interest due as of each payment date, beginning February28, 2003, with all subsequent interest payments to be due on thesame day of each month after that.
 Default. Each of the following shall constitute an event ofdefault * * * under this Note: * * *
 Payment Default. Borrower fails to make any payment when dueunder this Note."
 {¶ 5} The guaranty Kosinski signed stated in pertinent part:
"Guaranty. For good and valuable consideration, Bruce C.Kosinski ("Guarantor") absolutely and unconditionally guaranteesand
 promises to pay to FirstMerit Bank, N.A. ("Lender") * * * ondemand * * * the [i]ndebtedness * * * of NEBS * * *. * * *
 Guarantor also waives any and all rights and defenses arisingby reason of * * *
 (F) any defenses given to guarantors at law or in equity otherthan actual payment and performance of the [i]ndebtedness * * *Guarantor further waives and agrees not to assert or claim at anytime any deductions to the amount guaranteed under this Guarantyfor any claim of setoff, counterclaim, counter demand,recoupment, or similar right, whether such claim * * * may beasserted by the borrower, the guarantor, or both."
 {¶ 6} Kosinski and his wife executed a mortgage to secure the guaranty.
 {¶ 7} In October 2004, NEBS's chief financial officer ("CFO") committed suicide. Following the CFO's death, NEBS discovered that he had misappropriated approximately $1.6 million in funds belonging to the companies or their clients' trust accounts.
 {¶ 8} Kosinski met with FirstMerit to discuss NEBS's financial condition. Kosinski allegedly informed FirstMerit that NEBS had lost all of its business and would have no income following the collection of its current accounts receivable. Kosinski also allegedly told FirstMerit that his license had been temporarily suspended and that NEBS was $2.8 million in debt.
 {¶ 9} On November 17, 2004, FirstMerit restricted the special reserve accounts of NEBS. The following day, FirstMerit demanded payment in full on the note. FirstMerit also filed a complaint on the cognovit note and cognovit guaranty against NEBS and Kosinski in Cuyahoga County Common Pleas Court. A judgment was entered against NEBS and Kosinski for $506,950.74, plus post-judgment interest.
 {¶ 10} Shortly thereafter, NEBS, but not Kosinski, filed a notice with the trial court informing the court that the company had filed for bankruptcy. The trial court removed the case from the active docket, pending the outcome of the bankruptcy proceedings.
 {¶ 11} FirstMerit then filed a motion requesting that Kosinski appear at a judgment debtor's exam, claiming that because Kosinski had not filed for bankruptcy, the judgment could proceed against him personally. Kosinski moved to quash FirstMerit's motion, arguing that the trial court had stayed the entire case and Kosinski could not be subject to a debtor's exam because he was not an Ohio resident. The trial court denied Kosinski's motion to quash. Kosinski then filed a motion to vacate the judgment, which the trial court also denied.
 {¶ 12} Kosinski now appeals the trial court's denial of his motion to vacate the judgment, raising two assignments of error. In his first assignment of error, he argues that the trial court abused its discretion by denying his motion for relief from judgment. In the second assignment of error, he argues that the trial court abused its discretion by refusing to hold an evidentiary hearing on the motion. We will consider these assignments of error together as they involve the same standard of review.
 {¶ 13} The decision whether to grant a motion for relief from judgment pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court, and the court's ruling will not be reversed absent an abuse of discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.
 {¶ 14} Generally, to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment.GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 15} Cognovit judgments, such as the one at issue in this case, present special circumstances. By definition, cognovit notes "cut off every defense, except payment, which the maker of the note may have against enforcement of the note." OhioCarpenters' Pension Fund v. La Centre, LLC, Cuyahoga App. Nos. 86597 and 86789, 2006-Ohio-2214, quoting Advanced ClinicalMgmt., Inc. v. Salem Chiropractic Ctr., Inc., Stark App. No. 2003CA00108, 2004-Ohio-120. In executing a cognovit note and allowing a confession of judgment, the maker of the note waives his rights to notice and a prejudgment hearing. Id., citing D.H.Overmyer Co., Inc., of Ohio v. Frick Co. (1972), 405 U.S. 174,176-177, 92 S. Ct. 775, 31 L. Ed. 2d 124.
 {¶ 16} Ohio courts have determined, however, that in cases where the defendant has never had a chance to be heard in cognovit proceedings, the burden the defendant must meet is lessened.[1] In such a case, the movant need only demonstrate that the motion was timely made and that he has a meritorious defense. See Medina Supply Co. v. Corrado (1996),116 Ohio App.3d 847, 850-851, 689 N.E.2d 600; Davidson v. Hayes
(1990), 69 Ohio App.3d 28, 590 N.E.2d 18; Society Natl. Bank v.Val Halla Athletic Club Recreation Ctr., Inc. (1989),63 Ohio App.3d 413, 579 N.E.2d 234.
 {¶ 17} The moving party does not have to prove its case on the motion, only that it had a meritorious claim or defense to assert. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564; Moore v. Emmanuel Family Training Ctr.
(1985), 18 Ohio St.3d 64, 67, 479 N.E.2d 879; Meyers v. McGuire
(1992), 80 Ohio App.3d 644, 646, 610 N.E.2d 542. The moving party needs to allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists.Syphard v. Vrable, 141 Ohio App.3d 460, 2001-Ohio-3229,751 N.E.2d 564.
 {¶ 18} Although the defense of non-default is not the only meritorious defense recognized by courts as being available to a cognovit judgment debtor seeking Civ.R. 60(B) relief, in general, a judgment on a cognovit note will "not be vacated for reasons which do not encompass such matters of integrity and validity."Mervis v. Rothstein, Cuyahoga App. No. 86090, 2005-Ohio-6381, ¶ 9, quoting First Nat'l. Bank v. Freed, Hancock App. No. 5-03-36, 2004-Ohio-3554. For instance, other asserted defenses found meritorious by courts include "improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount remaining due on the note at the time of confession of judgment." Id. Thus, "a meritorious defense is one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note." Id.
 {¶ 19} In this case, Kosinski had the burden of alleging a meritorious defense to the judgment on the cognovit note. Kosinski alleges that he has a meritorious defense, to wit: FirstMerit breached the agreements it had with Kosinski by seizing trust fund accounts, which eventually caused NEBS's financial demise. He supports this assertion with his own affidavit.
 {¶ 20} In executing the guaranty, however, Kosinski expressly waived all defenses other than payment or performance, and he did not allege either of these defenses.
 {¶ 21} Even in addressing Kosinski's asserted defenses, we find that he has failed to sustain his burden of presenting a meritorious defense required to vacate a cognovit judgment pursuant to Civ.R. 60(B). We find that his argument that FirstMerit hindered NEBS's performance of its payment obligations by unlawfully freezing its special reserve trust accounts does not qualify as a meritorious defense.
His alleged defense does not go to the "integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note." Freed,
supra. Instead, his affirmative claim of FirstMerit's alleged wrongdoing is a thinly-veiled counterclaim or claim for set-off, which cannot be used as a defense in cognovit actions. SeeKappus Co. vs. Markoff (July 15, 1982), Cuyahoga App. No. 44163. Further, Kosinski expressly waived the right to assert counterclaims or claims for set-off when he signed the guaranty.
 {¶ 22} Because we find Kosinski failed to establish a meritorious defense pursuant to GTE, supra, the trial court did not abuse its discretion in denying his motion for relief from judgment.
 {¶ 23} Next, we consider whether the trial court abused its discretion in denying Kosinski's motion to hold an evidentiary hearing. "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 316 N.E.2d 469; see, also, Coulson v. Coulson
(1983), 5 Ohio St.3d 12, 16, 448 N.E.2d 809.
 {¶ 24} Because we find that Kosinski has failed to establish a meritorious defense entitling him to relief from judgment, he was not, then, entitled to an evidentiary hearing. SeeArchitectural Interior Prods., Inc. v. Freeman Doors, LLC,
Franklin App. No. 03AP-265, 2004-Ohio-676; see, also La Centre,
supra; Kay, supra.
 {¶ 25} For these reasons, we find that the trial court did not abuse its discretion in denying Kosinski's motion for relief from judgment and in denying him an evidentiary hearing.
 {¶ 26} Therefore, the first and second assignments of error are overruled.
 {¶ 27} Accordingly, judgment is affirmed.
It is ordered that appellee recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Blackmon, J. Concur.
[1] FirstMerit argues that Kosinski should be held to the general standard set forth in GTE, supra, because it sent him a demand letter threatening legal action; therefore, the bank argues he was properly put on notice of the judgment. We disagree. Judgment on a cognovit note is entered pursuant to a warrant of attorney, which provides for a waiver of prejudgment notice and hearing. Fogg v. Friesner (1988),55 Ohio App.3d 139, at 140, 562 N.E.2d 937. Kosinski's attorney waived notice and hearing; therefore, Kosinski must meet only the lesser burden.