[Cite as *KeyBank Natl. Assn. v. Midtown Inspirion, L.L.C.*, 2025-Ohio-1737.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KEYBANK NATIONAL ASSOCIATION,  :

    Plaintiff-Appellee,  :

                              No. 114393

    v.  :

MIDTOWN INSPIRION, LLC, ET AL.,  :

    Defendants-Appellants.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 15, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-24-101078, CV-24-101079, CV-24-101081, CV-24-101085,
CV-24-101090, CV-24-101153, CV-24-101154, CV-24-101156, CV-24-101158,
CV-24-101160, and CV-24-101173

---

### *Appearances:*

Wong Fleming, P.C., and Daniel C. Fleming; Calfee, Halter
& Griswold LLP and Colleen M. O'Neil, *for appellee.*

Mark S. O'Brien & Associates, LLC, and Mark S. O'Brien,
*for appellants.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to

App.R. 11.1 and Loc.App.R. 11.1.

{¶ 2} This appeal involves 11 cases that were consolidated in the trial court.[1] In each of these cases, the trial court issued cognovit judgments in favor of plaintiff-appellee KeyBank National Association ("KeyBank") and against defendant Lemma Getachew ("Getachew") and the 11 companies that are the appellants in this case, defendants-appellants Midtown Inspirion, L.L.C.; 1490 Livingston Associates, L.L.C.; Central Property, L.L.C.; Euclid Emerald Apartments, L.L.C.; CRP Pharmacy, L.L.C.; Teriyaki 7050, L.L.C.; Teriyaki 3226, L.L.C.; Teriyaki 4614, L.L.C.; Teriyaki 710, L.L.C.; Central Investment Group, L.L.C.; and Shoregate Inspirion, L.L.C. (collectively, "companies").[2] The companies appeal the trial court's judgments denying their motions for relief from judgment, raising two assignments of error for our review:

> 1. The trial court committed reversible error when it denied the relief requested in Appellants' motion[s] for relief from judgment because the motions were timely made and included the assertion of a meritorious defense.
>
> 2. The trial court committed reversible error when it failed to hold an evidentiary hearing on Appellants' motions for relief from judgment.

{¶ 3} After review, we conclude that although the companies timely filed their Civ.R. 60(B) motions, they failed to allege operative facts with sufficient specificity to warrant relief from judgment. We further determine that because the

---

[1] Cuyahoga C.P. Nos. CV-24-101078, CV-24-101079, CV-24-101081, CV-24-101085, CV-24-101090, CV-24-101153, CV-24-101154, CV-24-101156, CV-24-101158, CV-24-101160, and CV-24-101173.

[2] Getachew is not a party to this appeal.

companies did not allege operative facts that would warrant relief, the trial court did not have to hold an evidentiary hearing. We therefore overrule the companies' first and second assignments of error and affirm the judgment of the trial court.

## I. Procedural History and Factual Background

### A. Complaints and Cognovit Judgments

{¶ 4} In each of KeyBank's complaints filed in July 2024, it alleged that it loaned the companies money in 2019. According to the complaints, the individual companies executed a promissory note for the amount of the loan, which Getachew signed as a "member" of the company, and Getachew unconditionally guaranteed the entire indebtedness under the note in a separate commercial guaranty. Both the note and the commercial guaranty contained warrants of attorney authorizing an attorney, including one hired by KeyBank, to appear in court after the note became due and confess judgment.

{¶ 5} The promissory notes and the commercial guaranties further contained the warning required in R.C. 2323.13(D), which was located just before the signature line where Getachew signed as the borrower (as a member of the company) on the note and the guarantor on the commercial guaranty:

> WARNING — BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.

{¶ 6} According to KeyBank, the companies made payments on the loans for over four years until they stopped paying. KeyBank stated that it demanded payment from Getachew and the companies for the unpaid balance that was due under the loans, but they did not pay. KeyBank also set forth in the complaints what each company owed under the notes, plus interest at the rate of 11.94% per annum from the date when each company stopped paying. KeyBank included an affidavit with each complaint from one of its employees familiar with the cognovit note at issue averring that the amount owed as set forth in each complaint was correct.

{¶ 7} Additionally, an attorney "by virtue of the Warrant of Attorney to Confess Judgment set forth in the Cognovit Note . . . and Commercial Guaranty" filed an answer and confession of judgment in each case. The attorney stated that she reviewed the documents on which the complaint, answer, and confession of judgment were based and was satisfied that Getachew and the companies did not have any defenses to the complaints. She also reviewed all records of payment and found the amount sought to be accurate.

{¶ 8} The same day that KeyBank filed its complaints, it obtained cognovit judgments against Getachew and the companies in the amount owed from each company pursuant to the warrants of attorney contained in the notes and the commercial guaranties, for a total of $470,386.37, plus interest and costs. The trial court subsequently sent notice of the cognovit judgments to Getachew and the companies.

**B. Motions to Vacate**

{¶ 9} Approximately one month after the trial court entered cognovit judgments, Getachew and the companies filed motions for relief from judgment pursuant to Civ.R. 60(B). They argued that they have a meritorious defense to the judgments entered against them because Getachew was "either fraudulently induced into opening the account[s] or that [they were] opened without his knowledge and consent." They further argued that a KeyBank employee, Kristi Zaccaro, was convicted of identity fraud, aggravated theft, and forgery in a matter "unrelated to the pending matter." Getachew and the companies claimed that "[u]pon information and belief, Zaccaro has engaged in such conduct relative to other customers of KeyBank with whom she maintained business relationships."

{¶ 10} Getachew and the companies included an affidavit from Getachew in support of their motions. Getachew stated that he "possess[es] a beneficial ownership interest in each of the [companies] named as defendants . . . ." Getachew averred that Zaccaro was a branch manager for KeyBank in 2019 when the cognovit notes were "alleged[ly]" made. According to Getachew, Zaccaro pleaded guilty in 2023 to identity fraud, forgery, and aggravated theft.

{¶ 11} Getachew averred that he conducted "the majority of [his] in-person banking" with Zaccaro and that, in 2019, she "persuaded [him] to open individual accounts for several of [his] businesses." Getachew stated that although he recalled opening some of the accounts, he did "not believe that [he] opened eleven separate accounts" because he "had no reason to do so."

{¶ 12} Getachew also "believe[d]" that "Zaccaro engaged in unauthorized transactions[,] including opening accounts using [his] name and the names of various LLCs in which [he] has an interest, as well as transferring and/or withdrawing funds from these accounts without [his] approval." Getachew further averred that "Zaccaro used these accounts for her own personal gain and engaged in fraudulent conduct without [his] knowledge or consent." Getachew disputed the "validity of each of the cognovit judgments entered against" him.

## C. Opposition Briefs

{¶ 13} KeyBank opposed Getachew's and the companies' motions to vacate the cognovit judgments. They argued that defendants did not raise a meritorious defense because Getachew did not aver that he was fraudulently induced into signing the cognovit notes and did not deny that he executed them. KeyBank further claimed that Getachew's "belief" that some kind of fraud happened to him because Zaccaro was convicted in an unrelated matter was insufficient to create a meritorious defense.

{¶ 14} KeyBank alternatively claimed in its opposition brief to Getachew's and the companies' motions to vacate that the companies' allegations did not contain sufficient operative facts with enough specificity for the trial court to determine if a meritorious defense exists. KeyBank argued that defendants offered hearsay that "a former KeyBank employee was convicted of identity theft crimes but admit that those convictions are unrelated to the pending matter." KeyBank also

argued that defendants used only "conjecture to assert that Ms. Zaccaro's convictions had to do with committing fraud against KeyBank customers."

{¶ 15} KeyBank further asserted in its opposition brief that although Getachew claimed that he did not know anything about the cognovit notes, he signed each of them and "repaid each of those loans for an approximately four (4) year period."

{¶ 16} KeyBank informed the court in its opposition brief that despite Getachew's allegations that Zaccaro has engaged in criminal conduct with KeyBank customers, she was convicted of crimes that she committed against victims who were not KeyBank customers.

{¶ 17} KeyBank supported its opposition brief with two affidavits. Daniel Fleming, an attorney for KeyBank, averred that copies of Zaccaro's indictment and restitution order attached to his affidavit were true copies of Zaccaro's criminal case. Zaccaro had been indicted on eight counts, all alleged to have occurred in April and May 2023. Zaccaro was indicted on one count of theft, two counts of forgery, and one count of identity fraud against one victim who was elderly or disabled (she allegedly held herself out to be the victim, forged a withdrawal slip at Ohio Savings Bank without the authority of the victim, and deprived the victim of $150,000 or more). Zaccaro was also indicted on two counts of identity fraud involving a second elderly or disabled victim (she allegedly obtained personal information from the victim without the victim's consent with the intent to hold herself out to be the victim). And she was indicted on three counts of identity fraud involving a third

elderly or disabled victim (she allegedly obtained personal information from the victim without the victim's consent with the intent to hold herself out to be the victim).

{¶ 18} According to Zaccaro's sentencing entry, she pleaded guilty to one count each of aggravated theft, forgery, and identity fraud, all involving the first victim. She was sentenced four to six years in prison and ordered to pay total restitution in the amount of $108,828.32: $100,733.72 to New York Community Bank (which owns Ohio Savings Bank) and $8,094.60 to the Mayfield Heights Police Department.

{¶ 19} KeyBank also attached an affidavit of Charles Benjamin, a Loan Workout Officer at KeyBank, who stated that he has personal knowledge of and access to KeyBank's business records, including records related to Getachew and the defendant companies. Benjamin averred that Getachew's loans were assigned to him because Getachew and his companies had fallen behind in their payments. Benjamin wrote a letter to Getachew in early January 2024, asking him to voluntarily resolve the past-due indebtedness. Benjamin also spoke to Getachew and his lawyer who both informed Benjamin that Zaccaro had defrauded Getachew. Benjamin stated that he asked Getachew's attorney why Getachew made loan payments on the loans for approximately four years if Getachew never consented or authorized the loans, and Getachew's attorney had no response.

{¶ 20} Benjamin also attached to his affidavit the repayment history for each of the loans at issue. According to Benjamin, while Getachew and his companies

were repaying the loans over a four-year period, "no record exists anywhere at KeyBank that Mr. Getachew and/or his companies ever communicated to KeyBank that Kristi Zaccaro had opened a loan account in his name without his consent and authorization."

{¶ 21} Benjamin further averred that he conducted an internal search at KeyBank to determine if any of the victims listed in Zaccaro's indictment and restitution order were ever customers at KeyBank and they were not. Finally, Benjamin stated that no KeyBank customers besides Getachew had ever asserted that they were defrauded by Zaccaro.

### D. Denial of Motions to Vacate

{¶ 22} The trial court denied Getachew's and the companies' motions to vacate. It is from these judgments that the companies now appeal.

## II. Law and Analysis

### A. Cognovit Notes, Civ.R. 60(B), and Standard of Review

{¶ 23} "A cognovit promissory note is a special type of commercial paper by which a debtor authorizes a creditor, in the event of the debtor's default on his payment obligation, to obtain an immediate judgment against him without prior notice or an opportunity to be heard." *Sutton Bank v. Progressive Polymers, L.L.C.*, 2020-Ohio-5101, ¶ 12, citing *D.H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 176 (1972). "The purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of a trial." *Buzby v. Chamoun*, 2014-Ohio-4676, ¶ 5 (8th Dist.), citing *Fogg v. Friesner*, 55 Ohio App.3d 139, 140 (6th

Dist. 1988). Thus, when a debtor signs a cognovit note, the debtor relinquishes the possibility of notice, hearing, or appearance at an action to collect in the event of nonpayment on the note. *Id.*, citing *Medina Supply Co., Inc. v. Corrado*, 116 Ohio App.3d 847, 851 (8th Dist. 1996).

{¶ 24} If a debtor wants to challenge a judgment obtained by cognovit note, the debtor may file a Civ.R. 60(B) motion for relief from judgment. *Id.* at ¶ 6, citing *Masters Tuxedo Charleston, Inc. v. Krainock*, 2002-Ohio-5235, ¶ 7 (7th Dist.). And because cognovit judgments are obtained without prior notice, "collateral attacks on cognovit judgments are liberally permitted, and the burden on the party moving for relief is 'somewhat lessened.'" *Second Natl. Bank of Warren v. Web Producers, Inc.*, 2004-Ohio-5786, ¶ 14 (7th Dist.), quoting *Soc. Natl. Bank v. Val Halla Athletic Club & Recreation Ctr., Inc.*, 63 Ohio App.3d 413, 418 (9th Dist. 1989).

{¶ 25} Generally, parties who move to vacate a judgment must demonstrate that (1) they have a meritorious defense to present if relief is granted, (2) they are entitled to relief on one of the five grounds listed in Civ.R. 60(B), and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. But where the movant seeks to vacate a cognovit judgment, a less stringent standard applies because the movant did not have an opportunity to be heard before the judgment was entered. *Baker Motors, Inc. v. Baker Motors Towing, Inc.*, 2009-Ohio-3294, ¶ 9 (8th Dist.). Therefore, "a movant who files for relief from a judgment taken upon a cognovit note

need only establish (1) a meritorious defense and (2) that the motion was timely made." *Medina Supply* at 850-851, citing *Soc. Natl. Bank* at 418.

{¶ 26} "Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1998), citing *Moore v. Emmanuel Family Training Ctr.*, 18 Ohio St.3d 64, 67 (1985). However, the moving party still needs to allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists. *Diamond v. Arabica Coffee One Corp.*, 2010-Ohio-3090, ¶ 10 (8th Dist.), citing *Syphard v. Vrable*, 141 Ohio App.3d 460, 463 (7th Dist. 2001); *First Merit Bank, N.A. v. NEBS Fin. Servs., Inc.*, 2006-Ohio-5260, ¶ 18 (8th Dist.), citing *Syphard.*

{¶ 27} Additionally, a movant must provide evidentiary material supporting his or her Civ.R. 60(B) motion. *Spaulding-Buescher v. Skaggs Masonry, Inc.*, 2008-Ohio-6272, ¶ 14 (4th Dist.), quoting *Powells v. S.C.I.T.*, 1989 Ohio App. LEXIS 2356, *5 (8th Dist. Jun. 15, 1989) ("'A movant must demonstrate the satisfaction of these requirements by asserting operative facts in evidentiary materials of the nature contemplated by Civ.R. 56(C).'"); *Angel v. Angel*, 1993 Ohio App. LEXIS 1138, *7 (4th Dist. Feb. 18, 1993) (operative facts must be supported by evidence similar in quality to "affidavits, depositions, answers to interrogatories, written admissions or written stipulations"). And "[t]he evidentiary materials must present operative facts and not mere general allegations to justify relief." *Soc. Natl. Bank,*

63 Ohio App.3d at 418 (9th Dist.), citing *Hornyak v. Brooks*, 16 Ohio App.3d 105, 106 (8th Dist. 1984).

{¶ 28} In *Baker Motors, Inc.,* this court explained:

The defenses available to the maker of a cognovit note are extremely limited. The "defense of non-default" is certainly one. "Other asserted defenses found meritorious include improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount remaining due on the note at the time of confession of judgment. * * * Thus, a meritorious defense is one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note."

2009-Ohio-3294 (8th Dist.), at ¶ 12, quoting *First Natl. Bank of Pandora v. Freed*, 2004-Ohio-3554, ¶ 9-10 (3d Dist.).

{¶ 29} A reviewing court will not disturb a trial court's decision regarding a Civ.R. 60(B) motion unless there is an abuse of discretion. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153 (1997). A trial court abuses its discretion when it overrules a timely motion to vacate a cognovit judgment entered without prior notice if the movant presented a meritorious defense. *Meyers v. McGuire*, 80 Ohio App.3d 644, 647 (9th Dist. 1992).

## B. Meritorious Defenses

{¶ 30} In their first assignment of error, the companies contend that the trial court erred when it denied their motions to vacate the cognovit judgments. There is no question in this case that the companies' motions to vacate the cognovit judgments were timely. We must therefore review the companies' evidentiary

materials to determine whether they alleged operative facts with sufficient specificity for the trial court to determine if they presented a meritorious defense in their Civ.R. 60(B) motions.

{¶ 31} Getachew first stated in his affidavit that "Zaccaro persuaded [him] to open individual accounts for several of [his] businesses." Getachew appears to be alleging that Zaccaro fraudulently induced him into opening the accounts. This factual statement, however, does not amount to fraud in the inducement. Persuading someone to open an account is not illegal. Good bankers persuade people to open accounts. Notably, Getachew does not allege any facts that, if true, would establish fraudulent inducement. He does not assert that Zaccaro made a false representation of fact with the intent of misleading him to rely upon the representation to get him to sign the promissory note or guaranty. *See Mtge. Electronic Registration Sys., Inc. v. Mosley*, 2010-Ohio-2886, ¶ 31 (8th Dist.) (setting forth the elements of fraud in the inducement).

{¶ 32} Getachew further stated in his affidavit that he "recall[ed] opening accounts for some of [the] LLC's, but [he did] not believe that [he] opened eleven separate accounts" because he "had no reason to do so." The fact that Getachew does not remember opening eleven separate accounts five years earlier does not mean he did not do so. Therefore, this statement does not amount to a defense.

{¶ 33} Getachew further averred that he "believed" Zaccaro "engaged in unauthorized transactions[,] including opening accounts using [his] name and the names of various LLCs in which [he had] an interest . . . ." Getachew appears to be

alleging that he believed Zaccaro committed forgery and/or identity theft against him. However, Getachew's allegation does not state that he did not sign the promissory notes or that Zaccaro did these acts with respect to the accounts at issue in these cases. He simply alleges that Zaccaro opened accounts using his name and the names of his companies without including any operative facts that connect those alleged acts to the loans in this case.

{¶ 34} Moreover, a "belief" is not an "operative fact." *Kemp v. Markovitch*, 1983 Ohio App. LEXIS 12858, *7 (8th Dist. Nov. 3, 1983). To set forth a meritorious defense, more than a "belief" is required. But even if Getachew had averred that Zaccaro opened accounts using his name rather than stating that he believed that she did so, the allegation still does not contain sufficient specificity for a court to determine that a meritorious defense exists. Indeed, Getachew does not allege any *specific facts*. To establish a meritorious defense, a movant must include operative facts rather than mere general allegations or conclusory statements. *See Soc. Natl. Bank,* 63 Ohio App.3d at 418 (9th Dist.), citing *Hornyak*, 16 Ohio App.3d at 106; *Feldman v. Frydman*, 1986 Ohio App. LEXIS 7350, *6 (7th Dist. Jun. 25, 1986), citing *Bates & Springer, Inc., v. Stallworth*, 56 Ohio App.2d 223 (8th Dist. 1978).

{¶ 35} Getachew's averment that he "believed" Zaccaro "engaged in unauthorized transactions[,] including opening accounts using [his] name and the names of various LLCs in which [he had] an interest" is not based on his personal knowledge. "'Personal knowledge' is 'knowledge gained through firsthand observation or experience . . . .'" *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 2002-

Ohio-2220, ¶ 26, quoting *Black's Law Dictionary* (7th Ed. 1999). And if Getachew has personal knowledge that Zaccaro opened accounts in his name or in the names of his companies, he should have included those operative facts in his affidavit. Because he did not do so, this statement is nothing more than a bare allegation.

{¶ 36} Getachew further stated in his affidavit that he believed Zaccaro transferred or withdrew funds from these accounts without his approval and that she "used these accounts for her own personal gain . . . without my knowledge or consent." Again, we point out that a "belief" is not a fact. But also, these allegations, if true, would amount to theft. Any theft that occurred would have had to have occurred *after* the accounts were opened and, thus, was not a meritorious defense to cognovit judgments because it does not go to the validity or creation of the notes.

{¶ 37} After review, we conclude that the companies did not allege operative facts that impugn the integrity and validity of the creation of the cognovit notes. Accordingly, the trial court did not abuse its discretion when it denied the companies' Civ.R. 60(B) motions.

{¶ 38} We therefore overrule the companies' first assignment of error.

## C. Evidentiary Hearing

{¶ 39} In their second assignment of error, the companies argue that the trial court erred when it denied their Civ.R. 60(B) motions without holding an evidentiary hearing. We disagree.

{¶ 40} "[A] party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing." *PNC Bank, N.A. v. DePalma,*

2012-Ohio-2774, ¶ 12 (8th Dist.), citing *Gaines & Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf & Rock Co., L.P.A.*, 70 Ohio App.3d 643, 646 (8th Dist. 1990). A trial court possesses discretion when determining whether to hold a hearing regarding a Civ.R. 60(B) motion. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19 (1996).

{¶ 41} If, however, the material submitted by the movant contains allegations of operative facts demonstrating that relief is warranted, the trial court should grant the movant a hearing to take evidence and either verify or discredit the asserted facts. *Id.*; *see also Coulson v. Coulson*, 5 Ohio St.3d 12, 16 (1983), quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist. 1974) ("'If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.'").

{¶ 42} Because we have determined that the companies did not allege operative facts demonstrating that relief was warranted, we cannot say that the trial court abused its discretion when it failed to hold an evidentiary hearing.

{¶ 43} The companies' second assignment of error is overruled.

{¶ 44} Judgments affirmed.

It is ordered that appellee recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MICHAEL JOHN RYAN, J., CONCUR