[Cite as *Overdrive Espresso, L.L.C. v. Finein*, 2025-Ohio-5226.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

OVERDRIVE ESPRESSO LLC,                :

    Plaintiff-Appellee,          :

                              No. 114870

v.                                     :

SHAWNA J. FINEIN,                      :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 20, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-997512

---

### *Appearances:*

Kohrman Jackson & Krantz LLP, Thomas J. Hunt, and Daniel J. Matusicky, *for appellee.*

Mansell Law LLC, Greg R. Mansell, and Rhiannon M. Herbert, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant Shawna J. Finein ("Finein") appeals from the trial court's judgment entry denying her Civ.R. 60(B) motion for relief from judgment on a cognovit note. Finein alleges that the trial court's entry is insufficient

for failing to adequately explain or provide a reasoning for its decision. Finein also argues that the court abused its discretion in denying her motion because she had a number of meritorious defenses to the cognovit note.

{¶ 2} After thorough review of the record and relevant law, we find that the trial court was not required to provide findings of fact and conclusions of law in denying Finein's motion for relief from judgment. We also find that Finein's motion failed to include any meritorious defenses to the cognovit note and that the trial court was within its discretion to deny her motion. Accordingly, Finein's assignments of error are overruled and the judgment of the trial court is affirmed.

## Procedural History and Relevant Facts

### A. Complaint and Answer Confessing Judgment

{¶ 3} On May 15, 2024, plaintiff-appellee Overdrive Espresso LLC ("Overdrive") filed a complaint on a cognovit note against Finein. An answer confessing judgment on the cognovit note was also filed.

{¶ 4} According to the complaint, on April 6, 2022, Overdrive and Finein entered into an employment agreement. The complaint alleged that Overdrive employees are required to receive specialized training costing $10,000 at Overdrive's expense. To ensure that Finein would continue employment with Overdrive for at least two years after entering into the employment agreement, Finein signed a cognovit note. The terms of the note provided that if Finein's employment with Overdrive terminated prior to April 6, 2024, Finein agreed to pay Overdrive $10,000 including interest, within 30 days after employment is

terminated. The note also included an authorization from Finein for any attorney at law to appear in any court of record in Ohio, or any other state in the United States, and to waive service of process and confess judgment against Finein in favor of Overdrive.

{¶ 5} The complaint states that Finein provided Overdrive with a notice of termination of her employment that became effective on December 31, 2023. The complaint further alleged that as of January 30, 2024, 30 days after the termination of employment, Finein was in default of her obligations under the note.

{¶ 6} On the same day the complaint was filed, the trial court granted judgment in favor of Overdrive against Finein "in the principal sum of Ten Thousand Dollars and No Cents ($10,000), together with interest at 10% annum from January 30, 2024, and any costs, including attorney fees incurred by [Overdrive]."

{¶ 7} On May 17, 2024, the docket indicates that notice of the cognovit judgment was sent to Finein. Finein did not appeal from this judgment.

**B. Motion for Relief From Judgment on Cognovit Note**

{¶ 8} On August 2, 2024, after the 30-day deadline to file an appeal from the judgment, Finein filed a motion for relief from judgment on the cognovit note pursuant to Civ.R. 60(B). In her motion, Finein raised several alleged defenses to the cognovit note. These alleged defenses included claims that (1) the note is invalid because it does not pertain to a commercial transaction, (2) the note is unenforceable under New York Law, (3) the note is unenforceable under the

Trafficking Victims Protection Act, and (4) Overdrive failed to demonstrate damages.

{¶ 9} After briefing had concluded on Finein's motion, the trial court issued an order denying her request. The court's order reads in full: "Motion for relief from judgment on cognovit note, filed 08/02/2024, is denied."

## C. Notice of Appeal

{¶ 10} On February 28, 2025, Finein filed a notice of appeal on the trial court's judgment entry denying her motion for relief from judgment. She presents the following assignments of error for our review:

> 1. The trial court erred in denying Ms. Finein's motion for relief from judgment without any explanation or reasoning in support of its decision.
>
> 2. The trial court erred in failing to vacate the cognovit judgment entered against Ms. Finein because she has timely established numerous meritorious defenses to the judgment entered against her.

## Law and Analysis

### First Assignment of Error

{¶ 11} In her first assigned error for review, Finein challenges the trial court's judgment entry denying her motion for relief from judgment. Specifically, she argues that the trial court's judgment entry "is completely devoid of any explanation or reasoning in support of its decision." Finein concludes that as a result, the trial court's judgment "is contrary to law and constitutes an abuse of discretion."

{¶ 12} Civ.R. 52 provides that trial courts are required to issue findings of fact and conclusions of law in certain limited circumstances. However, we have "held that Civ.R. 52 does not apply to Civ.R. 60(B) motions for relief from judgment, and trial courts are not required to issue findings of fact and conclusions of law when ruling on such motions." *Champlain Ents. L.L.C. v. Kuiper,* 2023-Ohio-3059, ¶ 13 (8th Dist.), citing *Stafford & Stafford Co., L.P.A. v. Steele,* 2013-Ohio-4042, ¶ 23 (8th Dist.).

{¶ 13} Finein does not direct us to, nor have we found, any authority extending Civ.R. 52's requirements concerning findings of fact and conclusions of law to judgments on Civ.R. 60(B) motions for relief from judgment. Rather, she cites to several cases, none of which involve the denial of a motion for relief from judgment under Civ.R. 60(B), that were remanded because the judgment entries issued by the trial court were insufficient to provide adequate appellate review. These cases do not apply since we are able to conduct a meaningful review of the trial court's judgment and the legal issues in this case.

{¶ 14} Accordingly, Finein's first assignment of error is overruled.

**Second Assignment of Error**

{¶ 15} In her second assigned error for review, Finein alleges that the trial court abused its discretion when it failed to grant her motion for relief from judgment on the cognovit note.

## A. Standard of Review

{¶ 16} A trial court's decision whether to grant a motion for relief from judgment under Civ.R. 60(B) "is a matter within the sound discretion of the trial court, and the court's ruling will not be reversed absent an abuse of discretion." *First Merit Bank, N.A. v. NEBS Fin. Servs.,* 2006-Ohio-5260, ¶ 13 (8th Dist.), citing *Griffey v. Rajan,* 33 Ohio St.3d 75, 77 (1987).

{¶ 17} An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). "Nor do courts 'have discretion to erroneously apply the law.'" *In re V.W.,* 2025-Ohio-2773, ¶ 11, quoting *Shiftmed, LLC v. Westchester Parkway Consulting, LLC,* 2025-Ohio-1554, ¶ 18 (8th Dist.), citing *Johnson v. Abdullah,* 2021-Ohio-3304, ¶ 39. "We must be mindful that when applying the abuse of discretion standard, 'we should not substitute our judgment for that of the trial court.'" *T.C. v. R.B.C.,* 2025-Ohio-1554, ¶ 10 (8th Dist.), quoting *Mills v. Mills,* 2025-Ohio-452, ¶ 28 (8th Dist.).

## B. Civ.R. 60(B) Motion for Relief From Judgment Law

{¶ 18} Generally, in order to prevail on a motion for relief from judgment under Civ.R. 60(B), movant must satisfy a three-prong test: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment." *First Merit*

*Bank, N.A.* at ¶ 14, citing *GTE Automatic Electric v. ARC Industries,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 19} This court has recognized that cognovit judgments, such as the one at issue here, present special circumstances. *Id.* at ¶ 15. "'A cognovit promissory note is a special type of commercial paper by which a debtor authorizes a creditor, in the event of the debtor's default on his payment obligation, to obtain an immediate judgment against him without prior notice or an opportunity to be heard.'" *KeyBank N.A. v. Midtown Inspirion, LLC,* 2025-Ohio-1737, ¶ 23 (8th Dist.), quoting *Sutton Bank v. Progressive Polymers, L.L.C.,* 2020-Ohio-5101, ¶ 12, citing *D.H. Overmyer Co., Inc. v. Frick Co.,* 405 U.S. 174, 176 (1972). "'The purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of a trial.'" *Id.,* quoting *Buzby v. Chamoun,* 2014-Ohio-4676, ¶ 5 (8th Dist.). As such, "when a debtor signs a cognovit note, the debtor relinquishes the possibility of notice, hearing, or appearance at an action to collect in the event of nonpayment on the note." *Id.*

{¶ 20} As a result, Ohio courts have determined that in such cases where the party had never had the opportunity to be heard in a cognovit note proceeding, their burden is lessened when moving for relief for judgment under Civ.R. 60(B). *See First Merit Bank, N.A.,* 2006-Ohio-5260, at ¶ 16 (8th Dist.); *KeyBank N.A.* at ¶ 25. "Therefore, 'a movant who files for relief from a judgment taken upon a cognovit note need only establish (1) a meritorious defense and (2) that the motion was timely

made.'" *KeyBank N.A.* at ¶ 25, quoting *Medina Supply Co. v. Corrado,* 116 Ohio App.3d 847, 850-851 (8th Dist. 1996).

{¶ 21} Under Civ.R. 60(B), the "'moving party need only to allege a meritorious defense; it need not prove that it will prevail on that defense.'" *Champlain Ents. L.L.C.,* 2023-Ohio-3059, at ¶ 19 (8th Dist.), quoting *Home S. & L. of Youngstown v. Snowville Subdivision Joint Venture,* 2012-Ohio-4594, ¶ 18 (8th Dist.). Although proof of success is not required, "the moving party still needs to allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists." *KeyBank N.A.* at ¶ 26, citing *Diamond v. Arabica Coffee One Corp.,* 2010-Ohio-3090, ¶ 10 (8th Dist.). And the "movant must provide evidentiary material supporting his or her Civ.R. 60(B) motion." *Id.* at ¶ 27. These evidentiary materials "'must present operative facts and not mere general allegations to justify relief.'" *Id.,* quoting *Soc. Natl. Bank v. Val Halla Athletic Club & Recreation Ctr.,* 63 Ohio App.3d 413, 418 (9th Dist. 1989).

### C. Meritorious Defenses to Cognovit Notes

{¶ 22} This court has recognized that "[t]he defenses available to the maker of a cognovit note are extremely limited. The 'defense of non-default' is certainly one." *Baker Motors, Inc. v. Baker Motors Towing, Inc.,* 2009-Ohio-3294, ¶ 12 (8th Dist.). But "the defense of non-default is not the only meritorious defense recognized by courts as being available to a cognovit judgment debtor seeking Civ.R. 60(B) relief[;] in general, a judgment on a cognovit note will 'not be vacated for reasons which do not encompass such matters of integrity and validity.'" *First*

*Merit Bank, N.A.* at ¶ 18, quoting *Mervis v. Rothstein,* 2005-Ohio-6381, ¶ 9 (8th Dist.).  For instance, other meritorious defenses may include "'improper conduct in obtaining the debtor's signature on the note; deviation from proper procedures in confessing judgment on the note; and miscalculation of the amount remaining due on the note at the time of confession of judgment.'" *KeyBank N.A.* at ¶ 28, quoting *Baker Motors, Inc.* at ¶ 12.  In short, "a meritorious defense is one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note." *Id.*

### D.  Analysis

{¶ 23} Finein contends that the trial court abused its discretion in denying her motion for relief from judgment because she alleges that her motion contained a number of meritorious defenses.  Feinen claims that the cognovit note (1) arose out of a consumer transaction and is therefore invalid; (2) is invalid and unenforceable under New York law; (3) is invalid and unenforceable under the Trafficking Victims Protection Act under 18 U.S.C. 1589(a)(2); and (4) was improperly used to absolve Overdrive of damages it cannot establish.  We will address each claim below.

### 1. Consumer v. Commercial Transaction

{¶ 24} Feinen first alleges that the warrant of attorney to confess judgment on the note was invalid since the cognovit note arose out of a consumer transaction.

While such a challenge may be a defense to a cognovit note, under the facts of this case it has no merit.

{¶ 25} R.C. 2323.13(E) provides that "[a] warrant of attorney to confess judgment . . . arising out of a consumer loan or consumer transaction, is invalid and the court shall have no jurisdiction to render a judgment based upon such a warrant." As such, in cases where a note arises out of a consumer loan or consumer transaction a common pleas court lacks jurisdiction to enter a cognovit judgment against the defendant. *See Shore W. Constr. Co. v. Sroka,* 61 Ohio St.3d 45, 49 (1991). A trial court can, however, enter judgment on a cognovit note arising out of a commercial loan or transaction. *See SHJ Co. v. Avani Hosp. & Fin., L.L.C.,* 2022-Ohio-1173, ¶ 17 (8th Dist.) (holding that "a trial court can enter judgment on a cognovit note arising out of a commercial loan, assuming all other statutory requirements are satisfied"); *1st Natl. Fin. Servs. v. Ashley,* 2019-Ohio-5321, ¶ 19 (10th Dist.) (concluding that the loan in this case was for commercial purposes, therefore the trial court had jurisdiction to render a judgment).

{¶ 26} Thus, the question before us is whether the cognovit note arose out of a consumer or commercial transaction. R.C. 2323.13(E)(2) defines a "consumer transaction" as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, franchise, or an intangible, to an individual for purposes that are *primarily* personal, family, educational, or household." (Emphasis added.)

{¶ 27} "When interpreting a cognovit note, a court must give meaning to the language of the contract in a way that reflects the intent of the parties." *SHJ Co.* at

¶ 19, citing *Sutton Bank, L.L.C.,* 2020-Ohio-5101, at ¶ 15-16 (holding that traditional rules of contract interpretation apply to cognovit provisions in a contract).

{¶ 28} Here, the cognovit note arose out of an employment contract between Finein and Overdrive, wherein Finein agreed to reimburse Overdrive for the total expense of training costs in the amount of $10,000 if she voluntarily quit or breached the contract within two years of signing the employment agreement. The agreement, which was signed by both parties, provided, in relevant part, that ""[s]imultaneous with the execution of this Employment Agreement, the Employee [Finein] shall execute and deliver to the Company [Overdrive] a written Cognovit Promissory Note for the Training Cost . . . ." The note was executed for the agreed-upon training cost of $10,000.

{¶ 29} Finein does not direct us to any authority holding that a cognovit note arising out of an employment contract is considered a consumer transaction. Rather, it is clear from the contract that the primary purpose of the training received by Finein was not personal, but as a condition of her employment with Overdrive. This is further evidenced by the fact that Overdrive sought to protect its investment by requiring Finein to remain employed for a period of two years. Thus, we cannot say that this transaction, arising out of employment contract, was a consumer transaction as defined under R.C. 2323.13(E).

{¶ 30} Since the cognovit note did not arise out of consumer loan or consumer transaction, the trial court had jurisdiction to render a judgment based on the warrant of attorney confessing judgment on the note.

## 2. Finein's Remaining Defenses

{¶ 31} Finein's remaining claims challenge the enforceability of the cognovit note under New York law and federal law. Finein also challenges whether the amount owed on the note adequately represents the training costs incurred by Overdrive. None of these defenses allege improper conduct in obtaining the debtor's signature on the note; a deviation from proper procedures in confessing judgment on the note; or a miscalculation of the amount remaining due on the note at the time of confession of judgment. *See KeyBank, N.A.,* 2025-Ohio-1737, at ¶ 28 (8th Dist.). As discussed above, "a meritorious defense is one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note." *First Merit Bank, N.A.,* 2006-Ohio-5260, at ¶ 18 (8th Dist.).

{¶ 32} Since none of Finein's remaining claims amount to a meritorious defense to a cognovit note, the trial court did not abuse its discretion in rejecting these claims.

## Conclusion

{¶ 33} In denying Finein's motion for relief from judgment on the cognovit note, the trial court was not required to provide findings of fact and conclusions of law. The trial court also did not abuse its discretion in denying her motion since she failed to provide a meritorious defense to the cognovit note.

{¶ 34} Accordingly, we affirm the trial court's judgment entry denying Finein's motion for relief from judgment.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

DEENA R. CALABRESE, J., CONCURS;
KATHLEEN ANN KEOUGH, J., DISSENTS (WITH SEPARATE OPINION)


KATHLEEN ANN KEOUGH, J., DISSENTING:

{¶ 35} I dissent and would reverse the judgment of the trial court based on the second assignment of error. I do not agree that the contract from which the cognovit arose was a "commercial transaction" and would instead find that it was a "consumer transaction," thus invalidating the cognovit note. Therefore, I would find that Finein established a meritorious defense to the judgment entered against her.

{¶ 36} "A cognovit promissory note [or a warrant of attorney to confess] is a *special* type of commercial paper by which a debtor authorizes a creditor, in the event of the debtor's default on his payment obligation, to obtain an immediate judgment against [them] without prior notice or an opportunity to be heard." (Emphasis added.) *Sutton Bank v. Progressive Polymers, L.L.C.*, 2020-Ohio-5101, ¶ 12. This allows the note holder to "'quickly obtain judgment, without the

possibility of a trial.'" *Id.*, quoting *Sky Bank v. Colley*, 2008-Ohio-1217, ¶ 7 (10th Dist.). A number of states "either as a pure matter of public policy or by statutory enactment" do not recognize cognovit notes. *Lathrem v. Foreman*, 168 Ohio St. 186, 189 (1958).[1] Because of the lack of due process implicit in cognovit notes, a cognovit is to be "strictly construed against the person in whose favor the judgment is given." *Sutton Bank* at ¶ 14; *see also Lathrem* at *id.* ("[T]hese rules of strict construction grew out of the abuse which were perpetrated and the hardships which followed" the use of cognovit notes.).

{¶ 37} R.C. 2323.12(E) provides that a cognovit "arising out of a consumer loan or consumer transaction, is invalid." Under R.C. 2323.12(E), consumer loans and consumer transactions are defined as follows:

> "Consumer loan" means a loan to a natural person and the debt incurred is primarily for a personal, family, educational, or household purpose. The term "consumer loan" includes the creation of debt by the lender's payment of or agreement to pay money to the debtor or to a third party for the account of the debtor; the creation of a debt by a credit to an account with the lender upon which the debtor is entitled to draw; and the forebearance [sic] of debt arising from a consumer loan.

> "Consumer transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, franchise, or an intangible, to an individual for purposes that are primarily personal, family, educational, or household.

R.C. 2323.12(E)(1)-(2).

---

[1] Though drafted in 1958, this remains true. Along with Ohio, the short list of states that recognize cognovit notes are Delaware, Virginia, Maryland, and Pennsylvania. *See, e.g.* 2024 Delaware Code Ch. 47 § 4732; Code of Virginia 8.01 Ch. 17; MD Rules 2-611; Pennsylvania Code Ch. 2950.

{¶ 38} The United States Supreme Court instructs that determining the nature of the cognovit agreement is reviewed on a case-by-case basis, but flags "where the contract is one of adhesion, where there is great disparity in bargaining power" as possible situations where the cognovit note may be called into question. *D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 188 (1972).

{¶ 39} Here, the cognovit note arose out of a transaction for employment that included a loan to a natural person for personal, family, educational, or household purposes. Finein signed the contract and loan for her own personal benefit; accepting a job necessarily serves a personal, family, educational, and household purpose and, further, the training that served as the consideration for the loan fits squarely into an "educational" purpose. I further note that from the facts before us, this was a contract of adhesion where Finein was not enabled to add her own terms to the contract.

{¶ 40} To be clear, the employer can still collect from the employee; it must, however, pursue judgment through a traditional breach-of-contract action. Allowing a cognovit judgment in a consumer loan or transaction where the parties were at unequal bargaining length violates the public policy considerations and consumer protections that have permeated the jurisprudence of cognovit notes. Cognovit notes are traditionally reserved for sophisticated, commercial transactions where both parties are aware of the consequences of signing a cognovit note. Based on the facts herein, I do not agree that this agreement arose out of a commercial transaction.